## EX PARTE SIERRA.

### APPLICATION for a writ of *habeas corpus.*

No. 32.—Decided December 27, 1910.

HABEAS CORPUS—VOID, VOIDABLE AND ERRONEOUS JUDGMENT—APPEAL.—Where it is proved in- *habeas corpus* proceedings that the judgment under which the petitioner is detained is void, he should be discharged immediately, but if the judgment is only voidable and erroneous, the writ should be denied, and the prisoner may then have recourse to an appeal.

ID.—JURISDICTION OF THE PERSON AND OF THE CRIME—BAR TO CRIMINAL PROSECUTION.—The fact that criminal prosecution for a particular act is barred by limitation under the statute is a matter of defense, but the court is not thereby deprived of its jurisdiction of the defendant or of the crime, nor is a judgment of conviction void on that account.

The facts are stated in the opinion.
*Mr. Pedro Gómez Laserre* for petitioner.

The application was made to Mr. Justice MacLeary, at chambers, and he delivered the opinion herein. from which no appeal was taken to the court *in banc.*

Case heard before Honorable James H. MacLeary, Associate Justice of the Supreme Court of Porto Rico.

In this case, application was made to the undersigned Associate Justice of the Supreme Court of Porto Rico, on December 23, instant, for a writ of *habeas corpus.* The Supreme Court being in session, as a matter of courtesy the application was referred to the court for consideration. The court having

duly considered the matter arrived at the conclusion that it, as a court, had no jurisdiction of the case, application having been made to the Associate Justice and not to the court as a body, and thereupon the petition, with the order, was returned to the undersigned. A fiat was issued at once ordering the writ to issue, and thereupon the clerk, in accordance with the fiat, issued the writ commanding José Carmoega, warden of the jail of San Juan, to produce the prisoner before the Associate Justice in the audience hall of the Supreme Court, on Tuesday, December 27, 1910, at 10 o'clock a. m., that being the earliest time unoccupied and open for a hearing of the case. The warden made due return, that he held the prisoner by virtue of a writ of commitment issued out of the District Court of San Juan under a sentence condemning the said prisoner to six months' imprisonment for aggravated assault and battery, said imprisonment commencing on December 20, instant. On the hearing the prisoner was represented by counsel and contended that the district court, in passing sentence upon the prisoner, was without jurisdiction, and its judgment, consequently, void, and for that reason a *habeas corpus* was the proper remedy and the applicant was entitled to be liberated. The warden of the jail, represented by the *fiscal* of this court, contended that the imprisonment was lawful, and opposed the liberation.

If the judgment of conviction was a nullity, of course the prisoner should be liberated; however, if it is simply voidable and was erroneous, he should have taken an appeal from it at the proper time, and he should not have applied for a writ of *habeas corpus*. It has been repeatedly decided, and is well understood, by the bar as well as the bench, that a writ of *habeas corpus* cannot serve the purpose of an appeal, and the prisoner's counsel admits that principle and claims the nullity of the judgment. He quotes section 79 of the Penal Code, which reads as follows: "The prosecution for any misdemeanor must be commenced within one year

after its commission.'' The prisoner's counsel contends that this section of the law is mandatory, and that unless it is followed by the court all jurisdiction of the question, of the subject matter as well as of the prisoner, is lost, and that any judgment rendered in such a case is utterly null and void. I do not take this view of the matter. There is no question, as the case appears on the complaint which was introduced in evidence, that the District Court of San Juan had jurisdiction of the person of the prisoner and the subject matter of the offense. If the prosecution for the criminal act was barred by limitation under the statute quoted, it was a matter of defense and did not extinguish the crime but only protected the prisoner from prosecution therefor. He might still be guilty though the law exonerated him on account of the lapse of time. He had a right to interpose this defense on the trial, and if the court for any reason held it inefficacious, he could have taken an exception to that ruling and, on being adjudged guilty and sentenced to imprisonment, could have appealed to the Supreme Court. This is the remedy he should have pursued. Whether or not the statute of limitations has run in his favor, I do not undertake to decide, leaving that question to be considered and adjudged by the Supreme Court should the case come properly before it. The only question decided here is that under the pleadings and the proof in this case the writ of *habeas corpus* is not the proper remedy and cannot be used for the liberation of the prisoner, and for that reason he is remanded to the custody of the jailer to serve out his time under the judgment of the district court pronounced against him on the 20th of the present month.

*Application denied.*